NEWBURG STATE BANK, a Corporation, Appellant, v. TERIL HEFLIN, Respondent.

Springfield Court of Appeals, April 14, 1915.

1. **BILLS AND NOTES: Failure of Consideration: Complete Defense Between Parties.** In an action on a promissory note, failure of consideration is a complete defense between the parties thereto.

2. **CONTRACTS: One Entitled to Receive What He Contracts For: Refusing Substitute.** Where a person contracts for a certain thing and something substantially different is tendered instead, he can refuse to accept it or, having received it, return it promptly on making the discovery of the difference and refuse to pay therefor.

3. **BILLS AND NOTES: Holder in Due Course: Evidence.** Action on a note given in payment of first premium on a policy of life insurance, the note having been endorsed to plaintiff bank. Evidence reviewed and considered sufficient to sustain the finding that the bank was not a holder in due course as defined by Sec. 10022, R. S. 1909.

4. ———: **Misrepresentations by Assignor: Knowledge of Assignee.** Plaintiff bank cannot recover on a note which it took from its assignor knowing that it had been procured by misrepresentations.

5. **INSTRUCTIONS: Bills and Notes.** Action on a promissory note given in payment of the first premium on a life insurance policy and endorsed to plaintiff bank. Instructions for plaintiff and defendant examined and approved.

Appeal from Phelps County Circuit Court.—*Hon. L. B. Woodside,* Judge.

AFFIRMED.

*J. J. Crites* for appellant.

(1) Appellant was the holder in due course; a purchaser of the note for value and before maturity, and without knowledge of fraud on the part of the original payee in procuring the note. Sec. 10022, R. S. 1909. (2) To constitute notice of an infirmity in the instrument, or defect in the title of the person negotiating the same, the person to whom it is negotiated must have had actual knowledge of the infirmity or defect, or knowledge of such facts that his action in taking the instrument amounted to bad faith. Sec. 10026, R. S. 1909. (3) The instruction given defendant is misleading, and does not contain all of the elements necessary to a finding for respondent, nor is it based on the evidence in the case. Bank v. Byers, 139 Mo. 653; 1 Bigelow on Fraud (1888 Ed.), 465, 466; Hill v. Dillon, 176 Mo. App. 212; Kendrick v. Ryus, 225 Mo. 150; White v. Reitz, 129 Mo. App. 315; Lovelace v. Suter, 93 Mo. App. 439; Crojean v. Darby, 135 Mo. App. 595; Huppert v. Weisberger, 25 Mo. App. 95; McBeth v. Craddock, 28 Mo. App. 380; Koontz v. Kaufman, 31 Mo. App. 398. (4) Respondent cannot defeat the note sued on for fraud perpetrated upon him when the means to detect the fraud are in his hands. Hill v. Dillon, 151 Mo. App. 91.

*Watson & Livingston* for respondent.

(1) Instruction number 1, given on the part of the defendant, correctly declared the law, and was based upon the evidence in the case. Western Cattle Brokerage Co. v. Gates, 190 Mo. 391; Bank of North America v. Crandall, 87 Mo. 1; Dunn v. White, 63 Mo. 185; Dulaney v. Rogers, 64 Mo. 303; Nouman v. Oberle, 90 Mo. 669; Walsh v. Morse, 80 Mo. 568; Jones v. Rail-

road, 79 Mo. 92; Bank v. Trust Co., 179 Mo. 664; Smith on the Law of Fraud, sections 54, 55. (2) Moreover, if the instruction given by the court did not properly declare the law, it was the duty of the appellant to ask for a proper instruction. This record fails to show appellant did. Holland v. Railroad, 163 Mo. App. 252; Hayden v. McCally, 166 Mo. App. 275; Pope v. Florea, 167 Mo. App. 597; Wheeler v. Bowles, 163 Mo. 398; Hall v. Jennings, 87 Mo. App. 627; Schlotzhouer v. Railroad, 89 Mo. App. 65; Morgan v. Mulhall, 214 Mo. 462; Nolin v. Johns, 126 Mo. 160; Coleman v. Drane, 116 Mo. 387; Brown v. Globe Printing Co., 213 Mo. 611. (3) Where one procures the signature of another to an agreement, whether by fraud or not, which does not contain the contract made by them, but a different one, he cannot avail himself of such contract, but must stand by the one in fact made. Van Ravenswaay v. Insurance Co., 89 Mo. App. 73.

STURGIS, J.—Plaintiff appeals from an adverse judgment in its suit on a promissory note given by the defendant in payment of the first premium on a policy of life insurance issued to him by the Kansas City Life Insurance Company. The note was filed for suit in a justice court and there are no pleadings. The note sued on is for $28.63, payable "to the order of J. R. Harris, for Kansas City Life Insurance Company," and is endorsed "without recourse, J. R. Harris."

The defendant testified that said Harris, as agent for the insurance company, represented and agreed that his company would issue and deliver to defendant a participating twenty payment policy for one thousand dollars, at the annual premium of $28.63, and that the dividends thereon would largely pay the premiums after the first year and that he signed this note for the first premium under such representation. When the policy came to him by mail a few days later, he examined it and found it to be a non-participating

whole life policy and he at once returned it to the company. The company sent it back to him and he again returned it to the company and never saw it afterwards until this trial. The insurance agent denies this representation and says that he only promised defendant a nonparticipating whole life policy. While it somewhat staggers credulity that defendant believed that the dividends on a policy would substantially pay all the premiums after the first year and the defendant admitted that he did not understand how this could be done, yet, there is substantial evidence that defendant did not receive the kind of policy he contracted for. In that case it needs no citation of authorities to show that, as between the parties themselves, a man cannot be forced to pay a note when he does not receive that for which the note is given. [Ungerer & Co. v. Cheese & Fish Company, 155 Mo. App. 95, 105, 134 S. W. 56.] When something is tendered substantially different than that which a person contracts for, he can refuse to receive it or return it promptly on making the discovery and refuse to pay therefor. [Window Co. v. Cornice Co., 181 Mo. App. 1. c. 325, 168 S. W. 905.] The written application for the policy, if any, is not in evidence and neither corroborates or disproves defendant's evidence. Such application would presumably be forthcoming at plaintiff's instance as the insurance company seems to have furnished it with other evidence. There is, therefore, present in this case not only a failure of consideration of the note sued on, but such failure is coupled with fraud in that the company's agent intentionally deceived defendant as to the kind of policy which would be issued to him. In Hill v. Dillon, 176 Mo. App. 192, 202, 161 S. W. 881, this court held that where a person, in the absence of fraud, received what he bargained for, then there can be no failure of consideration merely because the thing bought turned out to be worthless. In the present case,

however, the very thing complained of is that the defendant did not receive what he bargained for.

We think also that there is abundant evidence to sustain the finding that plaintiff was not a holder in due course of the note sued on as defined by section 10022, Revised Statutes 1909, or, as more familiarly termed, an innocent purchaser for value. The officer of the plaintiff bank who purchased the note for it did not testify on this subject. The one who did testify merely said that the plaintiff owned the note. Defendant's evidence shows that, when he was first notified that the bank held this note, he went to the bank and informed it that he had refused to accept the policy and had returned it to the company; that plaintiff's cashier then said that, such being the case, he would send the note back and have nothing to do with it. This being uncontroverted is strong evidence that the bank did not then own the note but merely held it for collection. The note has on it a notation in pen and ink, ''Sent to Newburg State Bank, Newburg, Missouri,'' which indicates the same thing. The note is dated September 11, 1912, and the fact that a draft for $362.05, dated December 18, 1912, was issued to this insurance agent by plaintiff and sent by him to his company is by no means conclusive that plaintiff even bought this particular note at that or any other time. In fact, the evasive evidence of the agent might well lead the jury to believe that he received the whole of this note as his commission and that the insurance company never had it or any of its proceeds.

The court gave the only instruction asked by plaintiff which covered the one proposition that, if the payee of the note, Harris, ''for a valuable consideration, sold and delivered to the plaintiff said note, before maturity, and without knowledge on the part of the plaintiff of any act of fraud or misrepresentation on the part of the original holder thereof, and without knowledge of any failure of consideration of said note, you will

find the issues for the plaintiff, and assess its damages at the sum of $31.25.'' The only instruction given for defendant submitted to the jury the additional question of fraud in obtaining the note (by representing that the insurance company would issue to defendant a twenty year participating policy and then issuing a straight life policy) with the converse of plaintiff's instruction as to its purchase of the note in good faith and without knowledge of the facts constituting fraud. We have noted the criticisms made by plaintiff on this instruction but do not think the instruction is erroneous. The plaintiff did not ask a demurrer to the evidence, but assumed that the issues covered by the instructions were properly for the jury. No instruction was asked or given as to the burden of proof on the question of fraud or failure of consideration under the negotiable instrument act, a question discussed in the briefs, and we need not discuss the same. The views of this court on that question will be found in Hill v. Dillon, supra, and Bank of Polk v. Wood, decided at this term and not yet officially reported.

The judgment is, therefore, affirmed. *Robertson, P. J.,* and *Farrington, J.,* concur.